The Kansas Town and Land Company v. The City of Kensington, and J. M. Allen, *Treasurer of Smith County.*

### No. 214.

1. Incorporation of a City—*all jurisdictional facts must appear in order incorporating.* All facts necessary to give a board of county commissioners jurisdiction under paragraph 923, General Statutes of 1889, to authorize the incorporation of a town or village as a city of the third class, must appear by its records of such proceeding. It must appear that a petition, signed by a majority of the electors of an unincorporated town or village and accompanied by proof that it had been published as required by law, was presented to the board, to give it jurisdiction to act; and a city government based upon an order of the board without such jurisdictional facts so appearing, may be a corporation *de facto*, but not *de jure.* Such *de facto* corporation cannot refer to such order as authority, or base its corporate acts upon such unauthorized order. That provision of the section requiring the board to designate the metes and bounds of such city in its order, is not complied with by the fact that in reciting the substance of the petition, as required by another provision of that section, the metes and bounds as prayed for appear, unless the order in terms adopts them by specific reference thereto.

2. City Limits—*cannot be determined by unauthorized order of incorporation.* In an action by a property owner to enjoin

248    TOWN CO. v. CITY OF KENSINGTON.

N. Dept.                Opinion.   Mahan, P. J.        6 Kan. App.

the collection of a tax levied upon his property by a city of the third class having a *de facto* corporate existence only, whether the property is within the corporate limits and subject to the levy is a question of fact to be determined from all the evidence adduced at the trial, and an unauthorized order attempting to incorporate the city is not competent evidence.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed November 15, 1897. *Modified*.

*M. A. Low* and *W. F. Evans*, for plaintiff in error. *L. C. Uhl*, for defendants in error.

MAHAN, P. J. The plaintiff in error sought to enjoin the collection of taxes for municipal purposes levied upon its property by the City of Kensington. A part of the land is platted into lots and blocks and was so platted at the time of the attempted incorporation of the City, and a part of it was used exclusively for agricultural purposes. The evidence shows that it is not in any manner needed for city purposes, nor benefited by such incorporation.

The first contention is that Kensington is not a city duly incorporated under the laws of the State. This contention is based upon the fact that the Board of County Commissioners, in the order attempting to incorporate Kensington as a city of the third class, wholly omitted to designate in the order the metes and bounds of the·City.

The statute conferring authority upon the Board of County Commissioners to authorize the incorporation of a town or village into a city of the third class, is paragraph 923 of the General Statutes of 1889. It provides, that a board of county commissioners may act whenever a petition, signed by a majority of the electors of any unincorporated· town or village within

Town Co. v. City of Kensington. 249

Nov. 15, 1897.        Opinion.   Mahan, P. J.            C. Div.

the State, shall be presented to it, setting forth the metes and bounds of the village and the commons thereto, and stating as nearly as they can the number of the inhabitants of their town or village, and praying that it may be incorporated. They must furnish proof that the petition has been published in some newspaper of the town or village at least once in each week for three consecutive weeks. It further provides that the board must be satisfied that a majority of the taxable inhabitants of the town or village are in favor of the incorporation ; that the prayer is reasonable ; and that the number of inhabitants of such town or village exceeds two hundred and fifty persons and does not exceed two thousand. Being so satisfied, the board may, at any regular session, by its order, reciting the substance of the petition and the publication thereof, and its finding that a majority of the taxable inhabitants of the town or village are in favor of such incorporation, that the prayer is reasonable, and that the number of inhabitants is within the limits required by law, declare such village incorporated, by name, designating in such order the metes and bounds thereof. The statute provides thus : "And thenceforth the inhabitants within such bounds, and such further territory as may from time to time be lawfully added thereto, shall be a body politic and corporate by that name," etc.

The Board of County Commissioners in this case did not recite the substance of the petition. It did find that the petition was legal and reasonable, was signed by a majority of the taxpayers, and had been published as required by the statute. It did order and declare it a city of the third class by the name of the City of Kensington. But it nowhere in its order designated the city's metes and bounds, nor did

it find that the petition was signed by a majority of the electors, nor did it find that the village or town of Kensington was possessed of the requisite number of inhabitants.

It appears, however, that under this order the people of Kensington proceeded to organize their city corporation by the election of officers under the Act of the Legislature designating the rights and duties of a city of the third class, and have since that time maintained such organization, or corporate existence, and are a *de facto* corporation within the rule laid down by our Supreme Court. This being the case, the plaintiff cannot in this collateral proceeding attack the validity of the corporate existence. This implies the right to levy the tax upon the property within its boundaries when such boundaries are determined. 1 Dillon's Municipal Corporations, § 43*a*, *note* 2 ; Cooley's Constitutional Limitations, 309 ; *Voss v. School District*, 18 Kan. 467 ; *Pape v. Capitol Bank*, 20 id. 440 ; *School District v. The State*, 29 id. 57 ; *Mendenhall v. Burton*, 42 id. 570 ; *Austrian v. Guy*, 21 Fed Rep. 500.

So that in any event, as to the taxes levied upon the lots within the platted portion of the City of Kensington, there can be no question ; and the court was correct in its judgment that, so far as this property was concerned, the temporary injunction should be dissolved and the perpetual injunction denied.

As to the remaining property, which was, as we have said, used exclusively for agricultural purposes, was in no manner any part of the town of Kensington, was in no manner benefited by any of the privileges conferred by its incorporation or the maintenance of the city government, and was not embraced within the city limits by any express order of the Board of County Commissioners, there is a difficult

question.  Whether a municipal corporation has well-defined boundaries or not, and what these boundaries are, seem to be questions to be decided by the court. *Little Rock v. Parish, County Clerk*, 36 Ark. 166.

There being no designation of the metes and bounds of the City in the order authorizing the incorporation, what does the law imply as to the extent of its territorial jurisdiction?   What did the town or village of Kensington comprise prior to the order made by the Board of County Commissioners?   It cannot be said that it comprised any territory except such as was platted into lots or blocks, or such as was within its boundaries as a village.   The property in question, under the evidence, cannot be said to have constituted any part of the village of Kensington; it had no inhabitants except two employees of the plaintiff in error who temporarily stayed in two sod houses upon a part of the land.   These were separated from what constituted the village at that time.   There has been no act of the plaintiff that could be said to recognize the land as within the corporate limits of the village or the City.   Hence, we are forced to the conclusion that there was no evidence whatever offered upon which the court could find that the property was within the corporate limits of the City.

It follows that the judgment of the court, so far as the agricultural land is concerned, is not sustained by any evidence.   It not being within the corporate power of the City to levy any tax upon lands outside of its city limits, the plaintiff was entitled to have its collection enjoined.   It requires an affirmative act — an affirmative order — based upon the findings of the Board of County Commissioners, to embrace this land within the corporate limits of the City.   No such order was made.

The question of the right to levy the tax, even considering the property within the designated metes and bounds of the City, was argued before the court. But in our view of the case it is not necesary to determine this question, which is a difficult one, and we do not determine it.

The judgment of the court below is erroneous as to this agricultural land, and, so far as the tax was attempted to be levied upon it, the judgment must be reversed and the case remanded to the court below for further proceedings not inconsistent with this opinion. The costs will be divided equally between the parties.