J. E. CONKLIN v. THE CITY OF HUTCHINSON.

No. 12,297.   (70 Pac. 587.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS— *Vacations of Additions—Hutchinson Act of 1895 Unconstitutional.*   By section 1 of chapter 301, Laws of 1895, the legislature sought to vacate the lots, blocks, streets and alleys in G. C. Millar's north addition to the city of Hutchinson.   In section 5 of the act it is provided that the land so vacated shall remain within the city and be a part thereof, notwithstanding any law to the contrary.   At the time said act was passed, chapter 66 of the Laws of 1893 (Gen. Stat. 1901, §§ 635, 636) was in force, providing that an act of vacation by the legislature should, *ipso facto*, detach the vacated land from the city, and that it should no longer remain a part thereof.   *Held*, that the legislative intention to keep the vacated addition within the corporate limits of the city is made clear by the language of section 5 of chapter 301, Laws of 1895, and that said section being void by reason of its conflict with section 5 of article 12 of the constitution, which has been construed to prohibit the enlarging or contracting of the limits of a city except by general law, the whole act in which section 5 is found must fall.   It cannot be held that the lawmakers would have enacted the other sections of the act with section 5 omitted.

Error from Reno district court; M. P. SIMPSON, judge.   Opinion filed November 8, 1902.   Affirmed.

*W. G. Fairchild*, for plaintiff in error.

*Howard S. Lewis, Geo. A. Vandeveer*, and *F. L. Martin*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : By chapter 301, Laws of 1895, the legislature sought to vacate the lots, blocks, streets and alleys of four additions to the city of Hutchinson. Sections 1 and 5 of said chapter read :

"SECTION 1.   That all lots, blocks, streets and alleys in G. C. Millar's north addition to the city of Hutchinson, Reno county, Kansas, be and the same

are hereby vacated ; and that the fee in such streets and alleys shall revert back to and be in the owners of such lots and blocks ; such real estate being the northwest quarter of section number seven (7), township number twenty-three (23), range number five (5) west, in said county."

"SEC. 5. Said lands so vacated in the city of Hutchinson shall be and remain within the boundary of said city and be a part thereof, notwithstanding any law to the contrary."

At the time the above act was passed, chapter 66 of the Laws of 1893 (Gen. Stat. 1901, § 636) was in force.   Section 2 of the latter act reads :

"SEC. 2. If any town site, or portion of a town site containing more than five acres, shall hereafter be vacated by the board of county commissioners or by act of the legislature, and such town site, or portion of a town site, is at the time a part of a city of the first, second or third class, the act of vacation thereof shall of itself detach the same from such municipal corporation, and it shall no longer be a part of such city, nor included within the corporate limits thereof."

In November, 1899, the plaintiff in error was the owner of the tract of land known as G. C. Millar's north addition to the city of Hutchinson, consisting of 126 acres.   He sought to enjoin the collection of city taxes levied on the same for the reason that since the vacation of the addition by the act of 1895 the property was no longer a part of the city, nor included within its corporate limits, by the express language of the act of 1893.   A general demurrer was sustained to his petition.

It is conceded on both sides that section 5 of the act of 1895 is void, for the reason that it conflicts with section 5 of article 12 of the constitution, which ordains that provision for the organization of cities shall be made by general law.   (*City of Wyandotte v.*

*Wood*, 5 Kan. 603 ; *Gray v. Crockett*, 30 id. 138, 1 Pac. 50 ; *Callen v. Junction City*, 43 id. 627, 633, 23 Pac. 652, 7 L. R. A. 736.) In *Gray v. Crockett*, supra, it was held that no special act of the legislature having for its purpose an enlarging or contracting of the limits or boundaries of a city is constitutional.

Counsel for plaintiff in error contends that section 5 of the law of 1895 is distinct and severable from the remainder of the act, and that its constitutional invalidity in such case cannot affect the other sections ; that the act of vacation may stand though section 5, attempting to retain the property within the city, may fall. This contention would be sound if we could say that the legislature would have enacted the other sections of chapter 301 of the Laws of 1895 with section 5 omitted. We must consider that the legislature had in mind the law of 1893, above referred to, when it passed the act of 1895. The passage of a special law vacating the lots, blocks, streets and alleys of an addition to a city would bring the land vacated within the operation of section 2 of chapter 66, Laws of 1893, which provides that the act of vacation, *ipso facto*, excludes the addition from the corporate limits.

It is clear that the purpose of the enactment of section 5 in the special act was to keep the vacated property within the city and subject to its jurisdiction notwithstanding that the general law after the passage of the special one would exclude it. Having a purpose and design in the use of section 5, can we say that the legislature would have passed the law vacating the land with that section omitted? It must be answered in all cases that the legislature, when it passes a law, intends that every part of it is to be given effect. When it appears, as it does here, that the passage of the invalid section may have been the

inducement or compensation for the passage of the constitutional sections, then a removal of the void part must cause the whole act to fall.   This question was ably discussed by Mr. Justice Brewer, in *C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, 28 Kan. 453. The case of *Slauson et al. v. The City of Racine*, 13 Wis. 398, quoted from at page 459 of the opinion, is nearly parallel in its facts with the case at bar.   We are firmly of the opinion that it was the fixed purpose of the lawmakers to keep the land within the city by the insertion of the provisions of section 5 in the act, and that the law would not have passed without the inclusion of that section.   We hold, therefore, that the whole of the special act is void.

The judgment of the court below will be affirmed.

All the Justices concurring.