GEORGE L. LEVITT v. THE CITY OF WILSON.

No. 14,151. (83 Pac. 397.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS— *Organization and Existence — Collateral Attack.* The regularity of the organization and corporate existence of a city is not open to attack by a private individual in a collateral proceeding.

2. ———— *Unplatted Land within Corporate Limits—Taxation.* Unplatted land used for agricultural purposes may be included within the corporate limits of a city and subjected to the payment of city taxes.

3. CONSTITUTIONAL LAW—*Special Act Vacating Part of a City Held Void.* Section 109 of chapter 529 of the Laws of 1903, a special act which, among other things, purports to withdraw a tract of land from the city of Wilson, is unconstitutional and void.

Error from Ellsworth district court; ROLLIN R. REES, judge. Opinion filed November 11, 1905. Affirmed.

*Ira E. Lloyd,* for plaintiff in error.

*N. Coover,* and *David Ritchie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:   George L. Levitt contended in this action that the city of Wilson was exercising municipal control over real property of his that was not within the corporate limits of the city.   In 1883 the judge of the district court, upon a petition, undertook to organize the city of Wilson by making an order of incorporation which fixed the boundaries, prescribed the time for the first election, and made provision for conducting the same.   The land in question was unplatted, and has remained so ever since; and, although it was within the exterior limits, the city did not levy or collect any taxes upon it until 1902.   Streets were extended through a portion of the land in 1891, when it was owned by the Union Pacific Railroad Company, and the damages then awarded for the land appropriated were accepted by the company.

The plaintiff contended that the proceedings to incorporate were not regular and valid; that, even if the incorporation was valid, the lands in question were not legally included; and, if the lands were ever legally brought within the corporate limits, they were taken out by virtue of a provision of chapter 529 of the Laws of 1903.   None of these contentions was sustained by the trial court.

The validity of the incorporation is assailed because of the supposed insufficiency of the petition upon which the district judge acted, and of irregularities in the making of the order.   The order of incorporation purports to have been made by the district judge, and it was entered upon the journal of the district court as the statute required.   The name of the judge is not signed at the end of the order, but the statute does not in terms require it to be so signed.   It is said that the petition did not contain the requisite number of signers.   But, such as it was, the judge acted upon it and made an order of incorporation in the usual form.

11—72 KAN.

Proceeding upon the theory that the organization was legal and effective, the defendant has exercised the functions of a city and maintained a corporate existence for about twenty years. There was statutory authority for the incorporation of such a city, and, if it be assumed that it was informally and irregularly organized, it became at least a *de facto* municipality. The regularity of the organization and its right of existence might be challenged by the state at the instance of the county attorney or the attorney-general, but it is not open to attack by a private individual in a collateral proceeding. (*Mendenhall v. Burton,* 42 Kan. 570, 22 Pac. 558; *In re Short, Petitioner,* 47 Kan. 250, 27 Pac. 1005; *Town Co. v. City of Smith Center,* 6 Kan. App. 252, 51 Pac. 804.)

The fact that the land was unplatted did not prevent its inclusion as a part of the city; and it has been held that land within the limits of a city, although used for agricultural purposes, may be subjected to the payment of city taxes. (*Mendenhall v. Burton,* 42 Kan. 570.)

The remaining contention is that the land was excluded from the corporate limits of the city by force of chapter 529 of the Laws of 1903. That is a special act applying to a great many municipalities, and section 109 provides that "so much of the city of Wilson, Ellsworth county, Kansas, described as follows [giving description], an area of 11.20 acres, more or less, be and the same is hereby vacated as the city of Wilson, in said county, and that the same be restored to its original condition." It will be observed that the act does not purport to vacate any lots or blocks, and in fact there were none to vacate, as it was an unplatted tract. It does assume, however, to vacate a part of the city itself, thus taking the land of plaintiff out of the corporate limits and restoring it to its original condition. Under our constitution special legislation with respect to municipal corporations, or affecting corporate powers, is not permissible. (Const., art. 12,

Levitt v. Wilson.

§§ 1, 5.) It is well settled that special legislation purporting to enlarge or diminish the corporate limits of a city is invalid. (*Gray v. Crockett*, 30 Kan. 138, 1 Pac. 50; *Comm'rs of Shawnee Co. v. The State, ex rel.*, 49 Kan. 486, 31 Pac. 149; *Conklin v. Hutchinson*, 65 Kan. 582, 70 Pac. 587.)

It is argued that vacation may be accomplished by a special act, and that under the general law (Laws 1893, ch. 66) such vacation, *ipso facto*, excludes such part from the corporate limits. In this case the general law can have no application, as the special act itself purports to withdraw the territory in question from the city. The only kind of vacation intended was the taking of the tract from the city limits and the restoring of it to the status it had before incorporation. Even if no more than the vacation of a platted portion of the city had been intended, the corporate limits could not have been changed by the passing of a special and invalid act operating in connection with a general law. It has just been held that it must have been wholly accomplished by a general law. (*Davenport v. Ham, post*, p. 179.)

The judgment of the district court is affirmed.

All the Justices concurring.