J. E. SMITH, *as County Treasurer, etc., et al.*, V. ALEX.
HANEY *et al.*

No. 14,763.   (85 Pac. 550.)

SYLLABUS BY THE COURT.

1. COUNTIES—*Erection of Court-house—Use of General Fund.*
   Section 3 of chapter 167, Laws of 1905, is to be interpreted
   as authorizing the commissioners of Gove county to use a
   part of the general revenue fund for the building of a court-
   house.

2. CONSTITUTIONAL LAW—*Diversion of· a Tax—Void Provision
   of a Statute.* Such provision violates section 4 of article 11
   of the state constitution ·(Gen. Stat. 1901, § 205), forbidding
   the diversion of a tax from the object for which it is levied,
   and is therefore void.

3. —————— *Partial Invalidity Held to Render Entire Act Void.*
   Such provision is so related to the other provisions of the act
   that it cannot be said that the legislature would have passed
   any of them independently of this one, and the entire act is
   therefore void.

Error from Gove district court; JAMES H. REEDER,
judge. Opinion filed April 7, 1906. Affirmed.

*J. S. West,* and *O. B. Jones,* for plaintiffs in error.

*E. L. Tustin, A. D. Gilkeson,* and *Lee Monroe,* for
defendants in error.

The opinion of the court was delivered by

MASON, J.: The legislature of 1905 passed a law
(Laws 1905, ch. 167) to authorize the county commis-
sioners of Gove county to build and equip a court-
house without a vote of the people. The maximum
cost of the building was fixed at $16,000. Provision
was made for the expense of the building and equip-
ment by the levy of a special annual tax of not more
than three mills on the dollar for not more than four
years, the proceeds of these levies to form a separate
fund to be known as the "county building fund,"
against which warrants were to be drawn for all obli-

Smith v. Haney.

gations arising from the construction and furnishing
of such court-house. A further provision of the act,
upon the construction and effect of which the present
litigation turns, reads as follows:

"The said board of county commissioners are hereby
authorized to use and expend in the erection, equip-
ment and furnishing of said court-house and county-
office building, in the year or years in which a tax may
be levied, as they may deem necessary, in addition to
the amount or amounts raised by the levy of the tax
as herein provided for, such sum or sums from the
general fund of said county not otherwise appropri-
ated after all other running expenses of said county
shall have been provided for." (Laws 1905, ch. 167,
§ 3.)

A tax having been levied under color of such statute,
a suit was begun to enjoin its collection, upon the
ground that the act was unconstitutional. An order
was made granting a temporary injunction, to reverse
which this proceeding is brought. The only attack
upon the validity of the statute which it will be
necessary to consider is based upon the claim that the
portion above quoted is void because it attempts to
authorize the proceeds of a tax to be used for a pur-
pose different from that for which it was levied. The
plaintiffs in error practically concede that if this por-
tion of the act means anything at all it is open to the
objection urged, but they argue, first, that it is unin-
telligible and may be disregarded entirely, and, second,
that if it is given a construction which renders it ob-
noxious to the constitution it may be rejected on that
ground without affecting the validity of the remainder
of the act. The three questions to be determined are,
therefore: (1) Does the language quoted mean that
the commissioners may use in the construction of a
court-house such part of the general revenue fund of
each year as shall prove not to be needed to pay the
current expenses of that year? (2) As so construed,
is this part of the act void? (3) If so, is it so far an

independent provision that the remainder of the act may stand, notwithstanding its invalidity?

The criticism of the language of the part of the act which is quoted is based upon the apparent incompleteness of the last clause, introduced by the words "such sum or sums," the contention being that the omission of "as," the correlative of "such," leaves the phrase indefinite and meaningless. It is asserted in the brief of plaintiffs in error that "no pedagogue, however high his learning, could successfully parse this sentence and diagram it." This may be true, but it is not important. "The rule that bad grammar will not defeat the operation of a statute is old and well settled." (26 A. & E. Encycl. of L. 612.) If it be thought necessary to provide the missing "as" it may be located in either of two ways. The sentence may be deemed elliptical, the words "as are" being understood between "county" and "not," resulting in this reading: "Such sum or sums from the general fund of said county [as are] not otherwise appropriated after all other running expenses of said county shall have been provided for." Or the phrase "as they may deem necessary" may be transposed so as to follow "such sum or sums," giving the reading: "Such sum or sums as they may deem necessary from the general fund," etc. Either of these interpretations would be permissible under the established rules governing statutory construction. (26 A. & E. Encycl. of L., 612, 613.) But probably a sufficient solution of the problem is to be reached by a reasonable consideration of the language as it stands, with a purpose to arrive at its intended effect. So regarded, there is no difficulty in saying that the legislature clearly meant to authorize the commissioners in their discretion to use the unexpended balance of the general revenue fund for several years toward paying for the construction of the court-house.

Although, as already said, it is practically conceded that this view renders this much of the statute uncon-

stitutional, it may not be out of place to state the
grounds that compel that concession. Section 4 of ar-
ticle 11 of the state constitution provides that "no tax
shall be levied except in pursuance of a law, which
shall distinctly state the object of the same; to which
object only such tax shall be applied." (Gen. Stat.
1901, § 205.)    The phrase "general fund," as applied
to the fiscal management of a Kansas county, has a
definite and well-recognized meaning.    It covers the
proceeds of a tax levied to provide for the usual cur-
rent expenses.    The building of a court-house is a spe-
cial or extraordinary matter, and not one included in
the purposes for which the general tax levy is made.
To permit the diversion to that use, therefore, of any
part of the unexpended proceeds of a general revenue
tax would be a violation of the spirit and letter of the
constitution.    (*National Bank v. Barber, Treas., &c.*,
24 Kan. 534; *A. T. & S. F. Rld. Co. v. Woodcock,
Treasurer*, 18 Kan. 20; *The State, ex rel., v. Comm'rs
of Marion Co.*, 21 Kan. 19.)

It remains to consider whether the invalidity of this
portion of the act vitiates the whole of it.    It would
serve no purpose to review the cases deciding the effect
of the partial unconstitutionality of statutes.    Each of
necessity turns upon its own peculiar facts, and throws
but little light upon the determination of others.
There is no difficulty in stating the general rule, how-
ever much doubt may arise in its application.    When
a court finds that one part of a statute is in contraven-
tion of the fundamental law, the inquiry, so far as re-
lates to the effect of this holding on the remainder, is
whether the legislature would have passed such re-
maining and unobjectionable portion without the ob-
noxious feature.    To give effect to any part of such
act the court must be convinced that the legislature
intended that part to become the law, uninfluenced by
any consideration growing out of the provisions that
were beyond the legislative power.    It is not enough

that it cannot be said with positiveness that the joinder with the objectionable matter did contribute to the passage of the rest of the act; there must be an affirmative assurance that the desire to accomplish the unconstitutional purpose formed no part of the motive of the lawmakers in permitting the passage of that portion of the act which is free from objection. The court's duty is to ascertain and carry out the legislative will—not what the lawmaking body may possibly have desired, but what there is satisfactory evidence that it did desire. The fact that the legislature enacts a law embodying two propositions, which are so related that either may naturally have served as a reason for the other, creates no presumption that it wished either to be enforced separately. That presumption arises in favor of one of such propositions only when there is ground to believe that it received the legislative sanction on its own merits and not because of its union with the other. Therefore "when it appears   .   .   . that the passage of the invalid section may have been the inducement or compensation for the passage of the constitutional sections, then a removal of the void part must cause the whole act to fall." (*Conklin v. Hutchinson,* 65 Kan. 582, 584, 70 Pac. 587.)

In the present case it must be assumed that the legislature, in undertaking to decide for the people of a county a matter which it is the general policy of the law to permit them to regulate for themselves, made an investigation of the needs and resources of the community affected and acted upon the basis of the information so obtained—that the probable surplus that might be anticipated from one year's general revenue was estimated, as well as the amounts likely to be obtained from the special tax levies, and that the amount to be expended for the court-house and the rate of the special tax may have been fixed with reference to these estimates. The act presents a complete and symmetrical plan for accomplishing a given object. In its

title one of its purposes is stated to be "to appropriate money from the general fund" of the county to pay for the expenses of building and equipping the court-house. From the nature of the case it appears that the provision having relation to the diversion of a part of the general revenue of the county to a building fund may have been an inducement for the acceptance of the rest of the act. We cannot say that this provision was so separate from, and independent of, the others that we are warranted in presuming that the legislature would have consented to any of them without this one. It follows that the entire act must be held void. The judgment is affirmed.

All the Justices concurring.