STATE EX REL. THOMPSON, Respondent, vs. WELBES, imp.,
Appellant.

*October 15—November 7, 1906.*

*Towns: Employment of attorney by the year.*

The general provision in sec. 773, Stats. 1898, authorizing a town "to make all contracts necessary and convenient for the exercise of its corporate powers," does not authorize the employment of an attorney by the year, thus in effect creating and filling the office of town attorney,—since the specific provision of sec. 776 relating to the employment of attorneys shows clearly the legislative purpose that attorneys should be employed only for specific actions pending or about to be instituted.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.   *Reversed.*

*Mandamus* to compel the supervisors of the town of Lake in Milwaukee county to execute a certain contract.   The facts are stated in the opinion.   *Paul Welbes,* one of the supervisors, moved to quash the alternative writ, and appealed from an order denying such motion.

For the appellant there was a brief by *Boden & Beuscher,* and oral argument by *F. X. Boden.*

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* attorneys, and *Jared Thompson, Jr., in pro. per.,* and oral argument by *Mr. Thompson.* As to the power of the electors to pass the resolution in question, they cited *Vincent v. Nantucket,* 12 Cush. 103, 105; *Tuttle v. Weston,* 59 Wis. 151, 153, 154; *Fox Lake v. Fox Lake,* 62 Wis. 486, 489, 490; *Woodman v. Bohan,* 91 Wis. 36, 37; *State ex rel. Mitchell v. Decatur,* 58 Wis. 291, 295, 296; *Butternut v. O'Malley,* 50 Wis. 329, 331; *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, 17; *Cady v. Bailey,* 95 Wis. 370, 374.

WINSLOW, J. This is an appeal from an order refusing to quash an alternative writ of *mandamus.* It appears by the relation and alternative writ that the electors of the town of Lake (one of the country towns of Milwaukee county), at the annual town meeting in April, 1906, passed a resolution purporting to direct the employment of an attorney for the term of two years to prosecute and defend all actions in which the town should be a party or interested, and to advise the town officers on legal matters, at an expense of not more than $500 per annum, payable quarterly, and also directing the incoming board of supervisors to make a contract with the relator for such service if the relator so agreed; that at the first meeting of the new board of supervisors the relator was present and notified the board in writing that he accepted the employment and also submitted a form of contract signed by him in accordance with the resolution, and requested that the board execute it, which they refused to do. Thereupon the relator sued out an alternative writ of *mandamus* requiring the board to execute the contract or show cause to the contrary.

Assuming, for the purposes of the case only, that the board

of supervisors may be compelled by *mandamus* to execute a contract which the electors of the town have legally directed them to make, the question to be considered and decided is whether the statute expressly or impliedly authorizes the electors of a town to direct the employment of an attorney by the year.

It is well settled that a town is a *quasi*-corporation only, with limited powers, and can do nothing which is not expressly authorized or clearly implied from authority expressly conferred by statute. *Eaton v. Manitowoc Co.* 44 Wis. 489; *State v. Bayne,* 100 Wis. 35, 75 N. W. 403. There are but two statutory provisions which have any material bearing upon the power to make the contract in question. Sec. 773, Stats. 1898, relating to the corporate powers of towns, authorizes a town, among other things, "to make all contracts necessary and convenient for the exercise of its corporate powers," and sec. 776, Stats. 1898, provides that the electors of any town at the annual town meeting shall have power:

"(2) To direct the institution and defense of all actions in which the town is a party or interested; to employ all necessary agents and attorneys for the prosecution or defense of the same, and raise such sums of money for that purpose as they may deem proper."

It is argued that a contract with an attorney to transact the legal business of a town by the year is a contract convenient, at least, for the exercise of the corporate powers, and, if the provision stood alone, the argument would have much force; but it does not stand alone. The legislature thought best to specifically treat the subject of the employment of attorneys by the electors in the second section above cited, and this section is, of course, controlling over mere general provisions. Careful reading of this last provision makes it clear that the legislative purpose was that the electors of the town should have power to employ attorneys to prosecute or defend actions

pending or about to be instituted, not to employ an attorney by the year. The attorney was to be employed for a specific action or actions, not to become counsel generally for the town. Had it been thought necessary that a town should have an attorney by the year, the natural course would have been to provide for the election of a town attorney as in the case of villages and cities, but no such officer has been provided for or thought necessary.

The resolution in question seems to us to amount substantially to an attempt to create the office of town attorney and to fill it. In our judgment this is within neither the express nor the implied powers of the town meeting, and is contrary to the legislative policy, as clearly expressed in the statutes.

Neither the appellant's case nor brief was served within the time required by the rules, and the respondent moved at the argument for the imposition of the penalty prescribed by Supreme Court Rule 46, but did not desire a continuance. No reason appears why the penalty should not be imposed, and it will be so provided in the mandate.

*By the Court.*—Order reversed, and action remanded with directions to quash the writ and dismiss the proceedings. A penalty of $25 is imposed on the appellant for failure to serve the case and brief within the time prescribed by the rules, the same to be deducted from appellant's costs in this court.