STATE EX REL. CITY OF SHAWANO, Appellant, vs. ENGEL and others, Town Supervisors, Respondents.

*March 13—April 6, 1920.*

*Municipal corporations: City operating under the general charter law: Description of boundaries as part of charter: Annexation of territory by legislature as amendment of charter: Quasi-municipal corporations: Statutes: Constitutional law: Special legislation.*

1. A city of the fourth class under the general charter law (secs. 925—1 to 925—169, Stats.) exists and functions under a "charter," in the ordinary meaning of that term, and within

the meaning of sec. 31, art. IV, Const., prohibiting the enactment of any special or private law incorporating any city, town, or village, or amending the charter thereof.

2. The description of the territory included within the corporate limits of a city of the fourth class existing under the general charter law is a part of its charter.

3. Ch. 516, Laws 1919, providing for annexation of a portion of the town of Richmond to the city of Shawano, a city of the fourth class existing under the general charter law, is violative of sub. 9, sec. 31, art. IV, Const., prohibiting special legislation amending the charter of a city, such city functioning under a "charter" within such constitutional provision, and a change in the territory thereof being an amendment of its charter.

4. There is a substantial difference between *quasi*-municipal corporations, such as towns and counties (each of which is declared to be a body corporate by secs. 773 and 650, Stats., respectively), and municipal corporations proper, such as cities and villages; and decisions of this court in relation to changing the boundaries of towns and counties are not applicable to a city.

5. Sec. 32, art. IV, Const. (providing for general laws for the transaction of business prohibited by sub. 9, sec. 31, art. IV), and art. XI, Const. (relating to municipal corporations), do not sustain the enactment of ch. 516, Laws 1919, in view of ch. 183, Laws 1917, and the plain prohibitory provisions of sec. 31, art. IV, Const.

APPEAL from a judgment of the circuit court for Shawano county: A. H. REID, Judge. *Affirmed.*

. The relator and appellant, the city of *Shawano,* a city of the fourth class under the general charter law, sought to compel the defendants, supervisors of. the town of Richmond, to meet its city council to provide a method of apportioning the assets and liabilities of. the said town to the said city under the provisions of ch. 516, Laws 1919, by which act it was alleged a certain portion of said town had become annexed to said city.

The relator moved to quash such proceedings on the ground that said ch. 516 is unconstitutional and void. The trial court granted said motion and directed the entry of a judgment quashing the writ, and from the judgment entered thereon the relator has appealed.

The cause was submitted for the appellant on the brief of *P. J. Winter,* city attorney, and for the respondents on that of *Goggins, Brazeau & Goggins* of Grand Rapids and *M. G. Eberlein* of Shawano.

ESCHWEILER, J.   Ch. 516, Laws 1919, is entitled "An act to detach a portion of the town of Richmond and add such detached portion to the city of *Shawano,* all in Shawano county."

By sec. 1 of that chapter it was provided that all that portion of section 36 in the said town of Richmond not then included within the corporate limits of the city of *Shawano,* "is hereby detached from the said town of Richmond and attached to and made a part of the said city of *Shawano.*"

By sec. 2 provision was made for apportioning to the city of *Shawano* the assets and liabilities of the town of Richmond.

Sec. 3 provided for a meeting of the supervisors of the town of Richmond and of the city council of the city of *Shawano* for the purpose of making a settlement between the city and town according to the provisions of the act.

The supervisors of the town refusing to meet with the common council, these proceedings were instituted.

The trial court sustained the contention of the respondents, supervisors of the town, that said ch. 516 was void in that it was a special act and in effect amended the charter of said city and was within the inhibition of sec. 31, art. IV, Const., which, so far as material here, now provides as follows: "The legislature is prohibited from enacting any special or private law in the following cases: . . . 9th. For incorporating any city, town or village, or to amend the charter thereof."

The appellant city contends:

(1) That not being under a special charter, but having come under the provisions of the general charter, being ch. 45*t*, secs. 925—1 to 925—169, Stats., it receives its power

by virtue of the general law and not by virtue of any grant to it by any "charter," as the term is used in the constitutional provision, art. IV, sec. 31, sub. 9, *supra.*

(2) That in any event the act in question, merely providing ·for the annexation of territory, is not in the nature of an amendment to any charter, if there be one, of the city of *Shawano,* and is therefore not within the prohibition of the constitution above quoted.

(3) And lastly, that the act in question is a proper exercise of legislative power as an expression of the judgment of the legislature that the objects of the corporate powers of the appellant city cannot be attained under the general laws providing for the annexation of territory in the manner prescribed in ch. 45*t*, Stats., and that therefore it is valid under a reasonable construction of the legislative powers and duties found in the three following provisions of the constitution, viz.:

Art. IV, sec. 32.   "The legislature shall provide general laws for the transaction of any business that may be prohibited by section thirty-one of this article, and all such laws shall be uniform in their operation throughout the state."

Art. XI, sec. 1.   "Corporations without banking powers or privileges may be formed under general laws, but shall not.be created by special act, except for municipal purposes, and in cases where, in the judgment of the legislature, the objects of the corporation cannot be attained under general laws.   All general laws or special acts enacted under the provisions of this section may be altered or repealed by the legislature at any time after their passage;" and

Art. XI, sec. 3, which, so far as material here, is as follows: "It shall be the duty of the legislature, and they are hereby empowered, to provide for the organization of cities and incorporated villages, . . ."

On the first point it is clear that the city of *Shawano* is in existence under the general charter law, ch. 45*t*, Stats., as a municipal corporation, functioning as such under the powers

State ex rel. Shawano v. Engel, 171 Wis. 299.

conferred on it by a "charter" in the ordinary meaning of that term and within the meaning of the same term as used in the constitutional provision in question, as much so as though it were under the old form of a special charter or one given by legislative act to it in particular. *Platt v. City and County of San Francisco,* 158 Cal. 74, 95, 110 Pac. 304; *State ex rel. Arosin v. Ehrmantraut,* 63 Minn. 104, 107, 65 N. W. 251.

We can see no valid reason for not applying the same rule to a municipality obtaining its charter under a general law that is applicable to a private corporation obtaining a charter under a general incorporation law, and such rule is well recognized as to private corporations. *Lindsey & Phelps Co. v. Mullen,* 176 U. S. 126, 136, 20 Sup. Ct. 325; *Att'y Gen. v. Perkins,* 73 Mich. 303, 41 N. W. 426; *State ex rel. Ross v. Anderson,* 31 Ind. App. 34, 67 N. E. 207; *Baker v. Smith,* 41 R. I. 17, 26, 102 Atl. 721; 1 Words & Phrases (2d series) 651.

The city of *Shawano* therefore is existing and operating under a "charter" as the term is used in sub. 9, sec. 31, art. IV, Const., *supra*.

On the second point, as to whether or not the description of the territory included within the corporate limits of such a chartered corporation as is the appellant is a part of its charter, we have no difficulty in holding that the description of the territory included within its corporate limits is as essential a part of its charter as any other provision therein contained.

While it is true that under sec. 925—5, Stats., as now amended by ch. 183, Laws 1917, the patent which the governor must issue under the great seal constituting a city a body corporate need no longer contain a description defining the boundaries of the city, as was required to be inserted therein prior to said last mentioned amendment, yet a particular description of such boundaries is still, as before such amendment, required to be filed in the office of the

secretary of state pursuant to sec. 925—21*ab*.  Also, sec. 925—21*b* provides for city boundary surveys to be made and recorded in the register of deeds' office, and that after the lapse of one year such survey shall be conclusive evidence of the facts appearing therefrom.  It is evidently, therefore, the legislative purpose to require a formal and precise description of the corporate boundaries to be made a part of the public records concerning each particular municipal corporation, and such description must necessarily be considered a part of its charter.

Appellant further contends that the city, being incorporated under the general charter law and receiving its corporate powers by virtue of such general law, cannot be differentiated in the transaction here involved from such a corporate entity as a town or county, each of which is declared by statute to be a body corporate by secs. 773 and 650, Stats., respectively; and this court having held in the cases of *State ex rel. Ervin v. County Board,* 163 Wis. 577, 582, 158 N. W. 358; *Cathcart v. Comstock,* 56 Wis. 590, 608, 14 N. W. 833; and *State ex rel. Graef v. Forest Co.* 74 Wis. 610, 615, 43 N. W. 551, that the changing of boundaries of such bodies corporate, viz. towns and counties, and annexing or detaching territory thereto and therefrom, can be lawfully done by act of the legislature, the same rule should apply to a municipal corporation such as the city here.

That there is a substantial distinction between local organizations for governmental purposes, such as towns and counties, which may be and almost universally are created by action of the legislature with or without the consent or application of the residents thereof and which have been uniformly designated as *quasi*-municipal corporations, and municipal corporations proper, such as cities and villages, which become such corporate entities by virtue of the expressed wish and initial action of and on the part of the inhabitants of the included territory, was recognized at an

early day in this state, has been steadfastly adhered to since, and still is. *Norton v. Peck,* .3 Wis. 714, 721; *Bushnell v. Beloit,* 10 Wis. 195, 228; *Eaton v. Manitowoc Co.* 44 Wis. 489, 493; *Cathcart v. Comstock,* 56 Wis. 590, 606, 14 N. W. 833; *Lund v. Chippewa Co.* 93 Wis. 640, 644, 67 N. W. 297; *State ex rel. Thompson v. Welbes,* 129 Wis. 639, 641, 109 N. W. 564.

This substantial distinction, therefore, makes rulings with reference to the *quasi*-municipal corporations which. have no charter as such from the state inapplicable to the situation here concerning a municipal corporation proper which has such charter as is referred to in Const., art. IV, sec. 31, sub. 9, *supra.*

The boundaries of the city of *Shawano,* therefore, being a part of its charter, any change therein by increase or diminution thereof is necessarily a change and therefore an amendment to its charter and within the constitutional prohibition. *Smith v. Sherry,* 50 Wis. 210, 215, 6 N. W. 561; *State ex rel. Att'y Gen. v. Cincinnati,* 20 Ohio St. 18; *Copeland v. St. Joseph,* 126 Mo. 417, 426, 29 S. W. 281; *Conklin v. Hutchinson,* 65 Kan. 582, 70 Pac. 587; *Extension of Boundaries of City of Denver,* 18 Colo. 288, 32 Pac. 615; *Little Rock v. Parish,* 36 Ark. 166; *Levitt v. Wilson,* 72 Kan. 160, 83 Pac. 397.

On the third and last point, which in effect is that the duty is mandatory upon the legislature to provide for the incorporation of cities and villages by general law: that when the objects of such corporate powers cannot be attained under general laws, namely, such provisions as are found in secs. 925—17 to 925—21a in ch. 45t of the general charter law for the annexation and detaching of territory to and from cities under the general charter law, then if the legislature determines in its judgment that the particular annexation here involved could not, for any reason, be carried out under those general provisions of the charter law,

it is the duty of the legislature, in order to attain the objects of the corporation, to meet or overcome such difficulty by special act in the manner attempted here.

We can, however, recognize no sufficient weight to such argument as will support the validity of the enactment of ch. 183, Laws 1917, in face of the plain prohibitory provision in Const., art. IV, sec. 31, sub. 9.

It follows therefrom that the circuit court was right in holding said act unconstitutional and void, and the judgment should therefore be affirmed.

*By the Court.*—Judgment affirmed.