No. 27,741.

G. R. Wellman et al., *Appellants*, v. The City of Burr Oak et al., *Appellees.*

(262 Pac. 607.)

SYLLABUS BY THE COURT.

1. Municipal Corporations — *Attacking Validity of Incorporation — Private Citizen in Action to Enjoin Collection of Taxes.* The corporate character of a city of the third class cannot be collaterally attacked by a private citizen and landowner for the purpose of showing the levy and collection of a city tax is for that reason illegal and should be enjoined—following *Mendenhall v. Burton*, 42 Kan. 570, 22 Pac. 558, and *Pfeifer v. Klug*, 114 Kan. 384, 219 Pac. 498.

2. Statutes—*Special Acts—Altering Corporate Limits of City.* The special act of the legislature of 1895, purporting to diminish the corporate limits of Burr Oak, a city of the third class, is unconstitutional and void because it violates the provisions of sections 1 and 5 of article 12 of the constitution.

3. Municipal Corporations—*Enjoining Levy and Collection of Illegal Tax—Statutes Construed.* R. S. 60-1121, giving a landowner the privilege of main-

Appeal and Error, 3 C. J. p. 960 n. 79. Estoppel, 21 C. J. p. 1187 n. 88. Municipal Corporations, 43 C. J. p. 99 n. 94; 28 Cyc. 1736 n. 52. Statutes, 36 Cyc. p. 1001 n. 24.

taining an action to enjoin and restrain a city from levying or collecting city taxes imposed on his land, limits such privilege to the enjoining of a tax that is in itself illegal or the creation of a public burden or levy of a tax that will be illegal.

4. SAME—*Estoppel—Right to Levy City Tax.* The repeated failure and neglect of the former city officers to impose a city tax upon the property of the plaintiffs, the recognition of the public of the land as being outside the city limits, and the long apparent acquiescence in such view do not, under all the facts and circumstances of this case, estop the city from asserting its right to levy city taxes thereon.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed January 7, 1928. Affirmed.

*F. H. Stubbs,* of Superior, Neb., for the appellants.

*R. W. Turner, R. B. Turner* and *Donald Stanley,* all of Mankato, for appellee city of Burr Oak.

The opinion of the court was delivered by

HUTCHISON, J.: G. R. and Clifford B. Wellman instituted this action in the district court of Jewell county against the city of Burr Oak and county officers of Jewell county to restrain and enjoin them from assessing, extending and collecting city taxes for the years 1925 and 1926 against a certain forty-acre tract owned by them, lying immediately south of the city limits, as claimed by the plaintiffs. The county officers filed an answer disclaiming interest, and the issues are between the plaintiffs and the city. The trial court heard all the testimony and without making special findings denied the injunction, and the plaintiffs appeal.

The plaintiffs do not contend that the tax levy in itself is illegal, either as to its character or extent, but assert that the forty-acre tract in question is not within the limits of the city and therefore is not subject to the imposition of city taxes. The evidence shows that when the city of Burr Oak was incorporated as a city of the third class in May, 1880, this tract was included; that one month later, by an ordinance reducing the size of the city to 480 acres, it was probably intended to exclude this forty-acre tract, but the description by metes and bounds apparently left it in the city limits, although the description is very indefinite and quite impossible; that in the year 1895 a special act was passed by the legislature of Kansas excluding this tract from the city limits of Burr Oak; that later, by an ordinance, a small tract fifty-five

by seventy-five feet in the northwest corner of this tract, purchased by the Standard Oil Company, was taken into the city limits. The evidence further shows that the city never levied any taxes on this forty-acre tract prior to 1925, except for the years 1897, 1898 and 1899, which taxes were paid by the owner. Plaintiffs attempted to show by several witnesses that this tract had been universally recognized as being outside the city limits, and plead estoppel by continued acquiescence and failure to impose taxes thereon for so many years. Record evidence was introduced by plaintiffs to show that the original incorporation of the city was irregular and not legal and that it was therefore only a *de facto* city. The plaintiffs further showed that the land in question was agricultural land, resided on by the owners, deprived of city water privileges, and the road or street running by it was worked by the township. They also showed that prior to the commencement of this action requests had been made of the county attorney and attorney-general to bring such an action in the name of the state, and that both such officers declined.

Plaintiffs have apparently brought this action under the provisions of R. S. 60-1121, which permit a private individual to enjoin the levy and collection of an illegal tax, and, instead of showing that the tax is illegal in any way, proceed to show that the city was irregularly and illegally organized and that it has by continued neglect lost all the rights it may once have had as a *de facto* city. These are questions which are of general interest and cannot be raised by private individuals or private owners of property.

"An action to compel public officials to perform their duty should be brought in the name of the state on the relation of the county attorney or attorney-general, and such action cannot ordinarily be maintained by a private citizen." (*Weigand v. City of Wichita*, 111 Kan. 455, syl. ¶ 3, 207 Pac. 651.)

In a very similar case involving agricultural lands many years ago this question was thoroughly discussed and conclusively settled in this state to the effect that the organization of a city cannot be collaterally attacked by a private individual to prevent his land from being taxed for city purposes.

"The corporate character of a city cannot be questioned collaterally by a private citizen, when it has been a *de facto* city for more than fifteen years, and a law was in force under which it might have been legally incorporated, and it was attempted to have been incorporated, under the provisions of such law.

"A body of land containing 13.34 acres, wholly within the limits of a city, although never divided into blocks, lots, streets, alleys, etc., is subject to city taxation, although a part of it is used for agricultural purposes, when the owner resides thereon and it abuts upon the main street of the city." (*Mendenhall v. Burton,* 42 Kan. 570, syl. ¶¶ 2, 3, 22 Pac. 558. See, also, *Levitt v. Wilson,* 72 Kan. 160, 83 Pac. 397.)

The same doctrine was strongly sustained in a more recent case.

"Rule followed that a private litigant cannot maintain an action to enjoin the collection of taxes on his property when the only alleged invalidity of the taxes depends upon a collateral question which would involve a judicial inquiry into the legality of the organization of the taxing district or municipality which levied the taxes." (*Pfeifer v. Klug,* 114 Kan. 384, syl., 219 Pac. 498.)

Plaintiffs rely strongly upon the special act of the 1895 legislature which specifically excluded this tract of land from the corporate limits of the city of Burr Oak. Without stopping to consider the validity of such legislation, because it appears to be a special act and possibly in violation of section 17 of article 2 of the constitution of Kansas, let us see if it is not directly in violation of sections 1 and 5 of article 12 of the constitution, which prohibit the enactment of special legislation purporting to enlarge or diminish the corporate limits of a city.

". . . A special act which, among other things, purports to withdraw a tract of land from the city of Wilson, is unconstitutional and void." (*Levitt v. Wilson,* supra, syl. ¶ 3. See, also, *Bull v. Kelley,* 83 Kan. 597, 112 Pac. 133; *Gray v. Crockett,* 30 Kan. 138, 1 Pac. 50.)

Does the fact that the city failed for so many years to levy taxes on this tract and extend to it and its owners the water and other privileges of the city work an estoppel against it as a municipal organization to now claim the right to impose taxes thereon? It was held in the case of *Armstrong v. City of Topeka,* 36 Kan. 432, 13 Pac. 843, that "the payment of a tax upon land erroneously assessed in a city, is not such an acquiescence by the owner in an attempt to add said land to the city as would prevent him from asserting that such land was no part of said city." (Syl. ¶ 3.) If the owner of the land is not estopped by having erroneously paid taxes on the land certainly the city for the same reason should not be estopped because of the carelessness and oversight of its former officers in not levying a tax. Estoppel against municipal corporations is little favored, and in order to be enforceable all the usual and necessary elements are required.

"In no case of course is the application of the doctrine of equitable estoppel justified unless all the essential elements of such an estoppel are present, as in the case of estoppels against individuals.

"Mere acquiescence, laches, lapse of time, or nonaction on the part of the public or the public agents or officers does not ordinarily work an estoppel, but positive affirmative acts may not be necessary." (21 C. J. 1187.)

In this case there is no attempt to show that the city derived any benefit by its inaction. On the contrary, it lost the benefit of the taxes for many years. (*Stewart v. Adams*, 50 Kan. 560, 32 Pac. 122; *Jay v. Board of Education*, 46 Kan. 525, 527, 26 Pac. 1025.)

The plaintiffs justify their bringing this injunction action in their private capacities on the theory that "there is no wrong without a remedy," and since the county attorney and attorney-general have declined to use the name of the state on their relation, this is their only remedy. We cannot agree with them on this proposition; and counsel for appellee have pointed out in their brief some of the remedies that have been pursued under similar circumstances.

We have considered the evidence and the proceedings had in the trial court on the theory that much, if not most or all, of it was uncontroverted, as claimed by the appellants, rather than to discriminate as to certain parts that should not be considered because no motion for new trial has been filed, recognizing the rule that upon the ascertained and undisputed facts a motion for a new trial is not necessary for a review as to matters of law.

We conclude that the plaintiffs cannot collaterally attack the regularity and legality of the organization of the city of Burr Oak or maintain an action in their private capacities as landowners to enjoin the levy and collection of the city tax not alleged to be illegal in character or extent; that the special act of 1895 is unconstitutional and void because it purports to diminish the corporate limits of the city; and that the long neglect and failure of the former officers of the city to levy and collect city tax on the property of the plaintiffs will not under the circumstances of this case estop the city from now claiming the right to impose a city tax.

The judgment is affirmed.