EUGENE LEHRMANN, State Director Board of Vocational, Technicaland Adult Education
In your letter of October 9, 1973, you ask whether a Vocational, Technical and Adult Education District which owns an apartment building partially used for vocational school purposes and partially rented to persons for residential purposes, is exempt from general property taxes.
Section 70.11 (2), Stats., exempts:
 "Property owned by any county, city, village, town, school district, vocational, technical and adult education district, metropolitan sewerage district, municipal water district created under s. 198.22 or town sanitary district; lands belonging to cities of any other state used for public parks; land tax-deeded to any county or city before May 2; but any residence located upon property owned by the county for park purposes which is rented *Page 188 
out by the county for a nonpark purpose shall not be exempt from taxation. Except as to land acquired under s. 59.965 (5) (d) this exemption shall not apply to land conveyed after August 17, 1961, to any such governmental unit or for its benefit while the grantor or others for his benefit are permitted to occupy the land or part thereof in consideration for the conveyance."
In addition to this exemption, it has been held that an exemption in favor of the state must be construed to make exemption the rule and taxation the exception. State v. City ofMadison (1972), 55 Wis.2d 427, 198 N.W.2d 615; WisconsinUniversity Building Corporation v. Bareis (1950), 257 Wis. 497,44 N.W.2d 259.
While sec. 70.11 (2), Stats., is clear and unambiguous, there are two provisions of ch. 70 which tend to raise doubts as to whether the Vocational, Technical and Adult Education district is entitled to a complete exemption from payment of general property taxes.
Section 70.11 (8), Stats., provides in part:
 "(8) TAXED IN PART. Where property for which exemption is sought pursuant to this section is used in part for exempt purposes and in part for pecuniary profit, then the same shall be assessed for taxation at such percentage of the full market value of said real and personal property as shall fairly measure and represent the extent of such use for pecuniary profit. In determining the amount of such assessment, the term "pecuniary profit" as used in this section is hereby defined as the use of any portion of said premises or facilities for purposes not directly included within the objects of such organization for which use compensation is received, and the space so used, the period of such use, and all other factors tending to measure the extent thereof, shall be considered in fixing the amount of such assessment . . . ."
In my opinion, this section of the statute does not apply to the Vocational, Technical and Adult Education districts. By their very nature, public Vocational, Technical and Adult Education districts are not operated "for pecuniary profit." There is no element of profit accruing to anyone and all of the net income is devoted to a public *Page 189 
purpose, i.e., operation of the Vocational, Technical and Adult Education district.
In Milwaukee Protestant Home v. Milwaukee (1969), 41 Wis.2d 284,296, 164 N.W.2d 289, 37 A.L.R. 3d 571, the court interpreted "pecuniary profit" as used in sec. 70.11 (8), Stats. In quoting with approval from Sisters of St. Joseph v. Plover (1941),239 Wis. 278, 1 N.W.2d 173, the court wrote at p. 296, adding its own emphasis:
 "`The respondent's claim is to the effect that the River Pines Sanatorium should be taxed on the ground that it aims to operate at a profit . . . all benevolent institutions endeavor so to operate. But as the profit
made by these institutions, if any, is payable to nobody, but is only turned back into improving facilities or extending the benevolence in which the institutions are primarily engaged, the profit element becomes immaterial.'"
And again, the court in Milwaukee Protestant Home v. Milwaukee,supra, noted:
 "Where there is no element of gain to anyone and where all of the net income is devoted exclusively to carrying on the benevolent purposes of the institution, there is not an operating `for pecuniary profit.'"
It is manifest that the same principle applies to state agencies and municipalities.
Since sec. 38.14 (2) 2, Stats., provides that district boards may purchase or lease suitable land and buildings and rent to others any portion of land and buildings not needed for school purposes, no question arises as to the use of the premises for purposes not directly included within the objects of the district as required in sec. 70.11 (8), Stats.
The second provision of ch. 70 to be considered is sec. 70.114. This section provides in part:
 "Payment of school tax on tax-exempt lands. (1) Notwithstanding any other provision in this chapter, all land owned by the state, or by any county in such county or in any other county, or by any city, village, town or other municipality, or by any agency of any of the foregoing, which is residential *Page 190 
property and is a part of, used by or held and kept for the purposes of a public educational institution shall be subject to any tax levied for school purposes the same as other real estate. If such taxes are not paid, such lands shall be subject to tax sale as are privately owned lands." (Emphasis added.)
This section directs our attention to the question of whether a Vocational, Technical and Adult Education district is to be considered a "municipality" within the meaning of sec. 70.114
(1), Stats.
This section was created by ch. 643, Laws of 1955. A minor amendment was added by sec. 31, ch. 610, Laws of 1957. Other than an explanatory note to the bill indicating that it was the legislative intent of the law to apply to cities, villages, towns and all other municipalities, there is no legislative history which would help to determine whether the term "municipality" includes Vocational, Technical and Adult Education districts.
Chapter 70 does not define the term municipality. However, sec.990.01 (22), Stats., provides as follows:
 "MUNICIPALITY. `Municipality' includes cities and villages; it may be construed to include towns."
To apply this definition would be to ignore the phrase "or other municipality" as used in sec. 70.114, Stats. In the words of sec.990.001, Stats., to apply this definition would "produce a result inconsistent with the manifest intent of the legislature."
In Wisconsin law, a distinction is frequently made between a "municipality" and a "municipal corporation." For example, counties have been held not to be municipal corporations but rather municipalities to permit them to make certain charitable contributions as provided by statute. Lund v. Chippewa County, etal. (1896), 93 Wis. 640, 67 N.W. 927.
In other authorities it is stated that whenever the legislature so intended, the term "municipality" will be construed to include the term "quasi-municipal corporation." To determine the meaning of the word "municipality" as used in the statute, it is necessary to consider the intention of the legislature in relation to the general situation to which the statute applies. *Page 191 
A quasi-municipal corporation is a public agency created or authorized by the legislature to aid the state in, or take charge of, some public or state work, other than community government, for the general welfare. See 1 McQuillin, Municipal Corporations, sec. 2.20, p. 472, et seq.
The rule of statutory construction applicable here is ejusdemgeneris i.e., where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. The specific enumeration contained in sec. 70.114 includes counties and towns which have been held to be quasi-municipal corporations. SeeState ex rel. City of Shawano v. Engel (1920), 171 Wis. 299,177 N.W. 33. Therefore, the term "municipality" as used in sec.70.114, Stats., is intended to include both quasi-municipal and municipal corporations. The above reasoning assumes the constitutionality of tax statutes involved.
Public school districts in Wisconsin have been held to be quasi-municipal corporations — see Iverson, et al., v. UnionFree High School District of the Towns of Springfield and Curran,et al. (1925), 186 Wis. 342, 202 N.W. 788, and Schaut v. JointSchool District No. 6 of the Towns of Lena and Little River
(1926), 191 Wis. 104, 210 N.W. 270. Also in 56 OAG 308, 310, my predecessor noted that a school district being a quasi-municipal corporation has only such powers as are given to it by statute.
It is my opinion that Vocational, Technical and Adult Education districts, as provided for in ch. 38, Stats., are also quasi-municipal corporations and that as such they are "municipalities" within the meaning of sec. 70.114, Stats., and subject to the provisions thereof. Therefore since the property owned by the district is residential, it is subject to the tax provided in sec. 70.114, Stats.
RWW:JWC *Page 192