David Maslen Chautauqua County Attorney 215 North Chautauqua Sedan, Kansas 67361
Dear Mr. Maslen:
You ask several questions concerning the disposition of the administrative handling cost collected by a county attorney for actions taken to collect worthless checks. Specifically you ask whether such handling costs must be credited to a special account or paid into the county general fund and whether the money collected is to be used solely for funding normal operating expenses of the county attorney's office.
K.S.A. 1997 Supp. 21-3707 defines the crime of giving a worthless check and sets out a procedure for collecting the amount due on the check and for prosecuting the check writer. Subsection (c) of K.S.A. 1997 Supp.21-3707 provides for collection of an administrative handling cost as follows:
 "In addition to all other costs and fees allowed by law, each prosecuting attorney who takes any action under the provisions of this section may collect from the issuer in such action an administrative handling cost, except in cases filed in a court of appropriate jurisdiction. The cost shall not exceed $10 for each check. If the issuer of the check is convicted in district court, the administrative handling costs may be assessed as part of the court costs in the matter. The moneys collected pursuant to this subsection shall be deposited into a trust fund which shall be administered by the board of county commissioners. The funds shall be expended only with the approval of the board of county commissioners, but may be used to help fund the normal operating expenses of the county or district attorney's office." (Emphasis added.)
The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the Legislature governs. Bank IVWichita v. Plein, 250 Kan. 701, 705 (1992). In determining legislative intent, the courts may look into the historical background of the statute, circumstances attending its passage and the purpose to be accomplished. Steele v. City of Wichita, 250 Kan. 524, 529 (1992).
Subsection (c) of K.S.A. 1997 Supp. 21-3707, allowing the collection of an administrative handling cost, was added in 1996. See L. 1996, Ch. 203, § 1. Testimony at legislative hearings on the subsection indicated that the tendering of worthless checks was on the rise and that many county attorneys did not have sufficient resources to collect the amounts due on the checks, and to prosecute when necessary. According to the legislative history, this provision was intended to encourage county and district attorneys to take action regarding worthless checks by reimbursing them for some of the expenses involved, including the hiring of additional staff. In doing so, the offenders would help fund the effort to remedy the problems which they caused. See Minutes, House Committee on Judiciary, February 14, 1996.
You ask whether the costs collected should be deposited in the county's general fund or in a special fund. A county's general fund is intended to provide for the usual current expenses of the county. Smith v. Haney,73 Kan. 506, 509 (1906). See also Black's Law Dictionary 684 (6th ed. 1990) (a general fund is "the primary operating fund of a governmental unit not designated for any specific purpose"). The difference between a general fund and special fund is explained in 15 McQuillin, MunicipalCorporations § 39.45 (3rd ed. 1995) as follows:
 "Municipal funds are either general or special. Certain claims are payable out of the general funds, and ordinarily general funds may be appropriated by the council to any municipal object. So when there is no requirement by statute or otherwise, that money coming into the city treasury shall be kept in a special fund and applied to a particular purpose, it is proper, of course, to place it in the general fund, and to use it for general city purposes. But money belonging to a special fund, though collected into the general fund, should be transferred to the special fund."
K.S.A. 1997 Supp. 21-3707 (c) clearly states that the money collected should be deposited into a trust fund. The term "trust fund" indicates a fund held by a trustee for the specific purposes of the trust; and money in the fund should not be diverted from those specific purposes. Black's Law Dictionary 1513 (6th ed. 1990). Based on the above-cited authorities, together with the plain language of the statute, it is our opinion that the Legislature intended to establish a special fund to be administered by the board of county commissioners separately from the county general fund.
You also ask whether the money in the trust fund is to be used solely for funding the normal operating expenses of the county attorney's office and, if so, whether the expenditures should be debited against the county attorney's annual budget or against the special fund. The statute provides that the money "may be used to help fund the normal operating expenses of the county or district attorney's office." The use of the word "may" could mean that the money may be used only for the purpose stated, or it could mean that the purpose stated is only a possible use among other uses. However, if the Legislature intended that the money be used for general county expenses, there would be no reason for a special trust fund. The creation of a trust fund together with the legislative history, which indicates that the fund is to be an incentive for prosecutors to handle these cases, leads us to the conclusion that the Legislature intended that the board of county commissioners expend the funds to further the implementation of this statute. Therefore, the money should be used to defray the expenses of the county attorney in collecting on worthless checks or for the normal operating expenses of the county attorney's office. Expenditures from the trust fund should be debited against the trust fund.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm