The opinion of the court was delivered by
Brewer, J.:
Can private individuals, having no other interest than that of citizens, residents and tax-payers of a supposed municipal corporation, maintain an action of quo warranto in their own names against such corporation, or must such action be brought in the name of the state, and by *16 the attorney general, or the county attorney? The district court decided that the action must be in the name of the state, and in that opinion we concur. This court has had occasion in two or three cases to consider under what circumstances grievances of a public character can be investigated at the suit of a private individual, and the rule has been thus laid down: “If the injury is one that peculiarly affects a person, he has his right of action; if it affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies.” Craft v. Jackson Co., 5 Kas., 521. That case was one of an application for an injunction to restrain the issue of some county warrants; but the rule thus enunciated is of general application. It was followed by this court in two mandamus cases: Bobbett v. Dresher, ex rel., 10 Kas., 9; Turner v. Comm’rs of Jefferson Co., 10 Kas., 16. And we see no reason why it should not be applied to cases like the one at bar. The reasons for the rule are as imperative in this as in any class of cases. It is needless to repeat those reasons here, as they have been so fully stated in the case in 5 Kas., above cited. Counsel for plaintiffs in error seem to recognize the applicability of this rule, and therefore base their right to maintain this action on an amendment to the code of civil procedure found in § 2 of ch. 116, laws 1871, (p. 277,) which reads: “Where the action is brought by the attorney general * * * it shall be prosecuted in the name of the state, but when the action is brought by a person claiming an interest in the office, * * * or claiming any interest adverse to the franchise, gift, or grant, which is the subject of the action, it shall be prosecuted in the name, and under the direction, and at the expense of such person.” We do not understand this language as giving a right, but only as prescribing the form of action. No person is authorized to bring an action of quo warranto who did not have that right before; but if one who is authorized does bring it, he must bring it in his own name, and not in the name of the state upon his relation, “When the action is brought,” assumes that the action is rightfully brought. *17 The amendment consists in adding the clause, “ or claiming any interest adverse,” etc., so that now a person claiming an interest in, or one adverse, to any franchise, must if entitled to an action of quo warranto bring it in his own name. What the nature of the interest, then, must be, in or adverse to a franchise to secure to an individual the right to this action, is not defined. The language used, it is true, is general; “an interest,” “any interest,” are the terms employed. But this general language must be construed with reference to the purpose of the section. ' This, as we have seen, and as is eviderit, is to regulate the form in which such actions shall be brought; and language thus used should be construed as having reference to rights of action already existing, rather than as creating new rights. The plaintiffs here show no interest adverse to the corporation defendant peculiar to themselves, or different from those of the community in general. Hence, if they are authorized to maintain this action, any tax-payer and citizen of that community can summon the corporation into court to try the validity of its existence, and that too when the state which created the corporation is content to let it live. Commonwealth v. Farmers’ Bank, 2 Grant’s Cases, 392; Commonwealth v. Union Fire & Marine Ins. Co., 5 Mass., 230.
The judgment will be affirmed.
All the Justices concurring.