No. 23,982.

JOHN P. WEIGAND, for himself and others similarly situated, *Plaintiffs,* v. H. D. LESTER, as City Clerk, and WALLACE KEMP et al., as the Mayor and Commissioners of the City of Wichita, *Defendants.*

SYLLABUS BY THE COURT.

1. REPAVING STREETS—*Liability of City and Benefited Property Owners for Cost Thereof—Statute Construed.* Under chapter 118 of the Session Laws of 1921, one-third of the entire cost of repaving a street is to be borne by the city at large and the remainder of the cost is to be assessed against the benefited property, and in this division the cost of paving the street intersections is not to be segregated from the total cost nor added to that part of the burden imposed by the statute on the city at large.

2. SAME — *Assessments — Aggrieved Taxpayers — Party Entitled to Maintain Action.* Taxpayers specially aggrieved by the action of public officials in levying taxes against their property have a right of action provided by the code to enjoin such levy or assessment, if such remedy is promptly invoked; but they have no general legal right to question the validity of such levy or assessment by instituting an original action in mandamus in the supreme court to compel the public officers to perform their official duty.

3. MANDAMUS—*To Compel Public Officials to Perform Their Duties—State Proper Party Plaintiff.* An action to compel public officials to perform their duty should be brought in the name of the state on the relation of the county attorney or attorney-general, and such action cannot ordinarily be maintained by a private citizen.

Original proceeding in mandamus. Opinion filed June 10, 1922. Writ denied.

*J. N. Haymaker, A. V. Roberts,* and *R. E. Angle,* all of Wichita, for the plaintiffs.

*Robert C. Foulston,* and *George Siefkin,* both of Wichita, for the defendants.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff on behalf of himself and others similarly affected filed this original action in this court, praying for a writ of mandamus against the city officials of Wichita, directing them to assess the cost of a certain street improvement according to plaintiff's notion of how that ought to be done, and not as the defendant officials have done it.

As the dispute between the parties over the correct interpretation of the statute is one very easily settled, we will decide that question, but we will have to add some comment touching the pro-

priety of this kind of a lawsuit to settle this sort of questions at the instance of private individuals.

And first, as to the statute: Chapter 118 of the Session Laws of 1921 authorizes cities of a certain population to repave their streets, at the discretion of the city government and regardless of protest or remonstrance, when the original paving is ten years old, and provides that the city shall pay one-third of the entire cost of such repavement, and that the remaining two-thirds of the cost shall be borne by abutting property owners as provided in other and earlier legislation.

East Douglas avenue in Wichita is one of the principal thoroughfares of that city, and as the original paving thereof had become worn and dilapidated, the city government determined to repave a portion of it under the authority of chapter 118. The entire cost was determined, and two-thirds thereof assessed against the abutting property, which included the plaintiff's.

Under other and earlier statutes, the entire cost of paving, except the street intersections, is assessed against the abutting property. (Gen. Stat. 1915, §§ 1231, 1233, 1757, 1974.) Under such statutes the cost of paving the intersections is paid by the city at large. Now, in this case, notwithstanding the plain terms of the act of 1921, which declares that the city at large shall bear one-third of the cost of repaving and the benefited property shall bear two-thirds of the cost, it is plaintiff's contention that the cost of repaving the intersections should be segregated from the entire cost of the street improvement, and that portion of it should likewise be borne by the city at large. The statute will not bear that interpretation. It means precisely what it says—one-third of the entire cost is chargeable to the city and the remainder is to be assessed to the benefited property. The only relation this statute has to earlier legislation touching street improvements is that the assessment of two-thirds of the cost shall be apportioned among the lots, tracts, pieces and parcels of land within the benefited district in the same manner as provided by law for the construction of street paving under statutes covering such matters in detail.

With that question settled, we must now add that this action is not properly maintainable in this court at the instance of private litigants. Our original jurisdiction in mandamus should not be perverted into the entertainment of actions by private citizens to compel public officers to perform their official duties. Exceptions to this

rule there are, but ordinarily an action in mandamus to compel public officials to do their duty must be brought in the name of the state of Kansas on the relation of one of its officers duly authorized —the county attorney or the attorney-general. There is a statute giving private citizens peculiarly aggrieved by a tax assessment a right, if timely exercised, to challenge the validity of an assessment of taxes made or threatened. It reads:

"An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in the creation of any public burden or the levy of any illegal tax, charge or assessment; and any number of persons whose property is or may be affected by a tax or assessment so levied, or whose burdens as taxpayers may be increased by the threatened unauthorized contract or act, may unite in the petition filed to obtain such injunction. . . ." (Gen. Stat. 1915, § 7163, as amended by Laws 1917, ch. 247.)

Aside from this statute just quoted, private individuals have no general legal right to provoke litigation to question the action or conduct of public officials. They should lodge their complaints against public officials with the public functionary selected by law to deal with official irregularities. (*Bobbett v. The State, ex rel., Dresher,* 10 Kan. 9; *Miller v. Town of Palermo,* 12 Kan. 14; *A. T. & S. F. R. Co. v. The State,* 22 Kan. 1; *Nixon v. School District,* 32 Kan. 510, 4 Pac. 1017; *Albach v. Fraternal Aid Union,* 100 Kan. 511, 515, 516, 164 Pac. 1065; *Abraham v. Weister,* 103 Kan. 162, 172 Pac. 898.)

Even in the cases where private individuals may maintain a taxpayers' suit under section 265 of the civil code, expedition is a prime requisite, and usually there is a twenty or thirty days' limitation in which such a suit may be brought. If the present controversy had been brought as an injunction suit in a court of general jurisdiction, it would have been too late to enjoin the assessment as made by the city officials. (*Rockwell v. Junction City,* 92 Kan. 513, 141 Pac. 299.) This does not conclude all the objections which could be made against the sort of action here presented, but it is clear that the writ of mandamus should be denied and the action dismissed.

It is so ordered.