No. 27,983.

ALFRED J. COLLINGWOOD, *Plaintiff*, v. SAM SCHMIDT, W. E. WRIGHT and J. D. BITNER, as the Board of County Commissioners of the County of Stanton, *Defendants.*

(262 Pac. 556.)

SYLLABUS BY THE COURT.

MANDAMUS—*Parties Plaintiff—Compelling Performance of Official Duty.* An action to compel public officials to perform their duty should ordinarily be brought in the name of the state on the relation of the attorney-general or county attorney. A private citizen who has no interest to be protected or rights to be enforced by the determination of the question sought to be litigated, which are personal or specific to him as distinct from other citizens, cannot maintain such action.

Original proceedings in mandamus. Opinion filed January 7, 1928. Dismissed.

*Charles B. Griffith,* of Topeka, and *R. J. Shetlar,* of Johnson, for the plaintiff.

*W. C. Pearce,* of Johnson, *Edgar Foster* and *Horace J. Foster,* both of Garden City, for the defendants.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus brought by an individual citizen, voter, taxpayer and wheat grower of Stanton county, against the members of the board of county commissioners for that county, to compel them to put into force and effect the township herd law, in certain townships of the county, in accordance

---

Mandamus, 38 C. J. pp. 834 n. 82, 837 n. 12, 839 n. 32, 841 n. 35, 842 n. 53; 18 R. C. L. 115.

with the prayer of petitions, alleged to have been signed by the requisite number of qualified electors in the respective townships, and to conform to the statutes in other respects (R. S. 47-101 *et seq.*), which were presented to defendants August 1, 1927. When the petitions were presented, acting on the advice of the county attorney, that it was their duty to examine the petitions to determine their sufficiency—that the persons signing them were qualified to sign, that the number of signers was sufficient, and that the petitions were in other respects in conformity to law, and that they might take such reasonable time as was necessary therefor—the defendants continued the hearing on the petitions until their next regular meeting, September 3, 1927.

This action was brought August 4 and an alternative writ issued. An answer and return was filed August 10. The evidence was taken by deposition and has been abstracted. A further statement of the evidence need not be made. Several questions are argued. It will be necessary to decide but one of them. Defendants raise the point that plaintiff has no capacity to maintain this action for the reason that it seeks to require defendants to perform a public duty. The point is well taken and requires a dismissal of this action. (*Weigand v. City of Wichita*, 111 Kan. 455, 207 Pac. 651, and cases there cited.) Such an action should be brought in the name of the state on the relation of the attorney-general or the county attorney. No question of taxes is involved here. Plaintiff is one of many wheat growers who have sown wheat in the townships in question. His interest in the question sought to be determined is no greater than that of other wheat growers in the townships, and collectively such interest of wheat growers is no greater than that of raisers of live stock. The duty sought to be compelled is a public duty in that it affects the public, in those townships, and is to be performed by public officers in their official capacity. The plaintiff has no interests to be protected or rights to be enforced that are so personal to him, as distinct from others, as to authorize him to maintain this action.

The action is dismissed.