No. 28,382.

THE FIDELITY NATIONAL BANK AND TRUST COMPANY OF KANSAS CITY, *Plaintiff,* v. JOSEPH J. MORRIS et al., as the Board of Supervisors of Drainage District No. 1 in Lyon County, *Defendants.*

(273 Pac. 425.)

Opinion filed January 12, 1929.

*Justin D. Bowersock, Robert B. Fizzell* and *John F. Rhodes,* all of Kansas City, Mo., for the plaintiff.

*Orin L. Isaacs,* of Emporia, *Bennett R. Wheeler, S. M. Brewster* and *J. L. Hunt,* all of Topeka, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus prosecuted by the plaintiff, the holder of $5,000 in seven municipal temporary notes issued by the defendant under the last provision of section 24-621 of the Revised Statutes, to compel the defendants to levy a tax to pay the cost and expenses of the incorporation of defendant district and to pay for work done.

The defendants have filed a combined demurrer, motion to quash, and answer, all of which are submitted as a motion to quash the alternative writ, on the ground that it does not state facts sufficient to constitute a cause of action against the defendants. The answer sets out matters that cannot be considered on a motion to quash the writ.

Briefly summarized, the alternative writ alleges the organization of the defendant district, the employment of an engineer to make a survey of the district, his report, the rejection of this report by the defendant board, and the determination of the board not to proceed with the drainage project. It also alleges that for the purpose of securing the money with which to make the survey and do the other necessary preliminary work, the defendants borrowed $5,000 from the plaintiff and issued their notes therefor; that the defendants have abandoned the project; that when the action was begun all the notes except one were due; that none of the notes has been paid, and that no tax has been levied to provide funds with which to pay any of them. The writ asks that a peremptory writ be issued commanding the defendants to provide for the drainage and improvement of the district, or if that is not done, to levy a tax on the land and property within the district to raise funds with which to pay the notes.

1. The plaintiff argues that the defendants were authorized to borrow the money and execute the notes, and that necessarily they are under obligation to levy a tax to raise money with which to pay the notes. The defendants argue that the statute, section 24-618 of the Revised Statutes, provides that taxes shall be apportioned to, and levied on each tract of land in said district, in, proportion to the benefits assessed and not in excess thereof. No benefits have been assessed. The defendants contend that no benefits have accrued to any of the land or property within the district; and that, therefore, taxes cannot be assessed under the statute.

Section 24-618 of the Revised Statutes, in part, reads:

"As soon as the said board of supervisors have adjudicated, fixed and established the classification and benefits as provided by section 15 of this act, they may at once levy a tax on the lands and other property in said district to which benefits have been assessed, equal in amount to the cost of such drainage works and improvements as estimated by the said engineer and modified and confirmed by said board, plus the actual expenses of organizing said district, the probable working and administrative expenses and damage (as estimated by the said board of supervisors) in the completion of said works and improvements, and the carrying out the objects of said district . . . The said tax shall be apportioned to and levied on each tract of land or property in said district in proportion to the benefits assessed and not in excess thereof."

Section 24-609 of the Revised Statutes prescribes the manner in which the engineer shall make the assessments on each tract of land and provides that—

"No assessment shall be made of benefits to any lands upon any other principle than that of benefits derived, but all assessments shall be made upon the basis of benefits derived and secured by reason of the construction of said improvements and works affording drainage, for giving an outlet for drainage, protection from overflow, and damage from water."

The last provision of section 24-621 of the Revised Statutes reads:

"That before funds can be secured by the levy of a tax or the sale of bonds the board of supervisors of such drainage district shall have power to borrow money and pledge the credit of the district for the payment of the same with interest in any sum not to exceed $5,000 to pay the necessary cost and expense of the organization and incorporation of said district, and all other legitimate charges and expenses incurred by the board and its officers and employees in performing the services and duties required of them by this act."

We have then this situation: A drainage district regularly organized, authorized to contract a debt, that debt contracted, abandonment of the project and no effort to pay the debt.

The first headnote to *Loan Association v. Topeka*, 87 U. S. 655, reads:

"A statute which authorizes towns to contract debts or other obligations payable in money implies the duty to levy taxes to pay them, unless some other fund or source of payment is provided."

To the same effect is *United States v. New Orleans*, 98 U. S. 381, 393, where the court said:

"For the same reason, when authority to borrow money or incur an obligation in order to execute a public work is conferred upon a municipal corporation, the power to levy a tax for its payment or the discharge of the obligation accompanies it; and this, too, without any special mention that such power is granted."

See, also, *Rolls County Court v. United States*, 105 U. S. 733; *Quincy v. Jackson*, 113 U. S. 332.

So far as the record before the court is concerned, the tax should be levied.

2. How shall that tax be levied? The statute does not specifically provide for the situation that is now presented to the court. The statutes provide that taxes shall be levied according to benefits received. No drainage system has been constructed. No benefits have been received from its construction. Whatever benefits have been received by land within the district have been received from the survey and report of the engineer, the rejection of his report and the determination to abandon the project. Those benefits, whatever they were, have been received by all the land within the district, valuable more than land of less value. It follows that in any effort to be obedient to the law, the tax to pay this indebtedness should be a percentage tax levied on all the land in the district according to its value in money.

3. Another matter urged by the defendants is that the plaintiff is a creditor of the defendant and sues as such; that the plaintiff's claim has not been reduced to judgment; and that the legality of that claim should be determined before mandamus issues.

The defendants admit the organization of the district, the employment of the engineer, his report, the borrowing of the money, the execution of the notes, that they had not been paid, and that no tax has been levied to pay them. That brings this case within the rule declared in *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560, where this court said:

"Where there is a duty to levy and collect a special tax to pay a special class of debts, or the interest thereon—as, for example, county or township

refunding bonds—and there is no valid defense alleged, and no question is made as to the genuineness of the bonds or coupons, and they are owned and in the possession of a *bona fide* purchaser, the court may grant a peremptory writ of mandamus, at the instance of the purchaser, to compel the proper officers to levy and collect such tax prior to judgment at law upon the bonds against the county or township." (Syl. ¶ 1.)

In response to the prayer of the plaintiff that the defendants be compelled to complete the drainage project, it may be very appropriately said that the plaintiff has no right to prosecute an action to obtain such a result. It does not appear that the plaintiff is a property owner in the district. The plaintiff is only a creditor. It cannot prosecute such an action. (*Bobbett v. State, ex rel. Dresher,* 10 Kan. 9; *Turner v. Comm'rs of Jefferson County,* 10 Kan. 16; *Adkins v. Doolen,* 23 Kan. 659; *Titus v. Sherwood,* 81 Kan. 870, 106 Pac. 1070; *Gormley v. School Board,* 110 Kan. 600, 204 Pac. 741; *Weigand v. City of Wichita,* 111 Kan. 455, 207 Pac. 651.) Only the state or some person specially interested in the drainage district can prosecute an action to compel the completion of the project.

The motion to quash is denied.