No. 30,072.

Floyd Cloud, *Petitioner*, v. Wayne Horning et al., *Respondents*.

(3 P. 2d 461.)

Opinion filed October 10, 1931.

*H. R. Fulton,* of Holton, and *F. J. Rost,* of Topeka, for the petitioner.

*J. E. Addington, Irl H. Byler, J. Glenn Logan, Frank E. Miller* and *Lester M. Goodell,* all of Topeka, for the respondents.

The opinion of the court was delivered by

Burch, J.: The proceeding is one of habeas corpus to procure discharge of petitioner from custody of the sheriff of Shawnee county. The deputy sheriff and the chief of police of the city of Topeka, and other city officials, were joined as respondents. The cause was submitted on the petition and the separate returns of the county officers and the city officers. Facts disclosed by the returns not contradictory of the facts stated in the petition are to be regarded as true.

The petition was filed in this court on January 15, 1931. The return of the county officers shows that on June 7, 1930, petitioner was convicted in the district court of Shawnee county of violation of the liquor law. The information contained two counts, and he was found guilty on each count. He was sentenced to pay a fine of $100 and to be imprisoned for thirty days under the first count, and to pay a fine of $100 and be imprisoned for six months under the second count. The jail sentences were to run consecutively, but defendant was given credit for some time spent in jail awaiting sentence. The sentences also provided that defendant should be

confined in jail until fines and costs were paid. The sheriff's return shows that fines and costs amounting to $217.40 have not been paid.

Petitioner contends he has served his jail sentences and, without discussing the subject, this may be conceded. He further contends the fines and costs have been paid, in this way: The sheriff should have put him to work at hard labor; he was willing to work, and had he been put to work he would have been allowed two dollars per day to apply on the fines and costs, and the fines and costs would thus have been satisfied.

Plaintiff's contention that fines and costs have been satisfied is based on a fantastic interpretation of R. S. Supp. 62-2109. Under that statute the sheriff compels prisoners to work at hard labor only under direction of the board of county commissioners. The board of county commissioners acts only when there is work to be done. The petition discloses no action by the board of county commissioners, and no duty to take action.

The petitioner sought to make the chief of police and other officials of the city of Topeka privy to petitioner's detention, because of their request to the sheriff that, when petitioner has served his sentence in the state case, the sheriff hold petitioner until the chief of police can take petitioner into custody to serve a sentence imposed by the city court of Topeka. The contention is that petitioner may not be compelled to serve his sentence in the city case because of delay in issuing and executing a commitment. There is no merit in the contention.

On June 22, 1928, petitioner was sentenced to pay a fine of $300 and to be imprisoned for thirty days, for violation of a liquor ordinance. Petitioner appealed to the district court. On December 11, 1928, the appeal was dismissed, but the case was not remanded to the city court until March 9, 1929. On that date a commitment was issued, but was not executed. On April 25, 1929, an alias commitment was issued, but has not been executed. The reason the commitments were not executed was that petitioner kept himself concealed from the police officers of the city until May 17, 1930, when he was arrested by the sheriff for operating a still outside the city. Since that date petitioner has been in the hands of the sheriff.

The writ is denied.