No. 37,813

ALBERT D. KIRTS, et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF MIAMI COUNTY, KANSAS, et al., *Appellees*.

No. 37,814

DICK RASH, et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF MIAMI COUNTY, KANSAS, et al., *Appellees*.

No. 37,815

MRS. EMMA KOERNER, et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF MIAMI COUNTY, KANSAS, et al., *Appellees*.

(215 P. 2d 642)

Opinion filed March 11, 1950.

*A. J. Herrod*, of Kansas City, argued the cause, and *Walter G. Klamm*, of Kansas City, and *Oliver D. Rinehart*, of Paola, were with him on the briefs for the appellants.

*L. Perry Bishop*, of Paola, and *John H. Morse*, of Mound City, argued the cause, and *Bernard L. Sheridan* and *J. Milton Sullivant*, both of Paola, were with them on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: In three separate actions, plaintiffs, alleging themselves to be taxpayers in Miami county, sought to recover taxes paid under protest to the county treasurer of that county as the result of a levy made by the defendant rural high-school district. From adverse rulings the plaintiffs appeal to this court where the three appeals are treated together. The parties will be referred to as they appeared in the district court.

In appeals 37,813 and 37,814, motions of the defendants, the board of county commissioners, the county clerk and the county treasurer of Linn county, to quash process against them, were sustained on March 14, 1949. The remaining defendants filed demurrers to the petitions and those demurrers were sustained on April 28, 1949. On June 25, 1949, appeals were perfected by the plaintiffs in those two cases, from the rulings quashing process and from the rulings sustaining the demurrers to the petitions, and those rulings are specified as error.

In appeal 37,815, all of the defendants demurred to the petition as amended, that demurrer was sustained on April 28, 1949, and an appeal was perfected by the plaintiffs on June 25, 1949, the ruling being specified as error.

Insofar as the rulings quashing process are concerned, the appeals were not perfected in time and the rulings are not before us for consideration. See *State, ex rel., v. Miami County Comm'rs,* 168 Kan. 723, 215 P. 2d 631.

In the three cases the appeals from the rulings on the demurrers were in time. It is here noted that in each case one ground of the demurrer was that the petition disclosed on its face that the plaintiffs had no capacity to sue (G. S. 1935, 60-705, *Second*) and that although there is variation in other allegations, the following allegations are common to all three petitions.

It was alleged that in 1946 an attempt was made to organize La Cygne Rural High-school District No. 6, Joint, of Linn and Miami counties, Kansas, which district made tax levies against the property of the plaintiffs, and that the attempted organization of the school district was invalid and void and not in keeping with the laws of the state of Kansas in many particulars which need not be detailed further than that the district, not having been legally organized, any attempt to levy taxes was void; that plain-

tiffs had paid the taxes so levied under protest, and they prayed for recovery thereof.

While the question might be stated in various ways, it is clear that plaintiffs, in their actions to recover taxes paid under protest, challenge the legal integrity of the school district and seek judgment that its organization was illegal and invalid, and unless they are successful in that result, they are not entitled to recover. It has been held repeatedly that private individuals, as taxpayers or otherwise, cannot maintain an action challenging the legality of the organization of a school district or other municipality. The question was before this court in the recent case of *Smith v. City of Emporia*, 168 Kan. 187, 211 P. 2d 101, where corporate limits of a city were involved, and where it was held that such an action cannot be maintained by private individuals and can be prosecuted only at the instance of the state by its proper officers. In that opinion many of our cases are reviewed and others are cited, all supporting the rule stated.

The plaintiffs recognize the rule stated, but contend that where the attempt to levy taxes is without legal authority, it is a species of fraud and the taxpayer may maintain an action to enjoin the levy and collection (presumably under G. S. 1935, 60-1121) and in support of which our attention is directed to a number of our decisions in none of which was there any attempt to challenge the validity of the organization of the taxing unit. In any event, the present actions are not for an injunction under the above statute but are actions to recover moneys allegedly unlawfully exacted.

In our opinion the trial court did not err in sustaining the demurrers, and its rulings thereon are affirmed.

We note that in each appeal, the plaintiffs specify as error the ruling of the trial court dismissing the several actions at the plaintiffs' cost. In their brief, plaintiffs make no particular complaint, but it would appear that if they could not maintain the actions, the rulings were proper.

The judgment of the trial court is affirmed.

WERTZ, J., not participating.