No. 39,134

R. A. Smith and N. M. Smith, *Appellants*, v. The City of Prairie Village, Kansas, a Municipal Corporation, and M. J. Quaintance, Treasurer of Johnson County, Kansas, *Appellees.*

(264 P. 2d 1053)

Opinion filed December 12, 1953.

*R. A. Smith*, of Prairie Village, argued the cause and *N. M. Smith*, of Prairie Village, was with him on the briefs for appellants.

*James R. Hoover*, of Prairie Village, argued the cause and *James H. Bradley*, county attorney, of Olathe, was with him on the brief for appellees.

The opinion of the court was delivered by

Harvey, C. J.: This was an action to recover taxes paid under protest. The trial court sustained defendants' demurrers to plaintiffs' petition and they have appealed. In their petition plaintiffs alleged that they were the owners of certain described real property in what they speak of as the First Annexed Area to the city of Prairie Village in Mission township, Johnson county, Kansas; that the city was organized as a city of the third class February 19, 1951, and at that time it had a population of approximately thirteen hundred and sixty inhabitants; that its original mayor and councilmen were elected at an election held for that purpose on April 3, 1951; that they were, and continued to be, residents of the original area of the city as enlarged by annexations thereto until the time of the filing of this petition, the date of which is not shown but which apparently was later than December 24, 1952. It was further alleged that the councilmen passed an annexation ordinance, which was approved by the mayor, and first published on April 14, 1951, which annexed to the city an area, shown by the plat attached and referred to as the First Annexed Addition, by which the city became a city of about five thousand three hundred inhabitants; that later the councilmen passed an ordinance, approved by the mayor, first published on October 10, 1951, annexing an additional area to the city

referred to as the Second Annexed Addition. Later a similar ordinance was passed by the councilmen, approved by the mayor, first published February 20, 1952, annexing an additional area to the city, referred to as the Third Annexed Addition, by reason of which the population of the city was increased to about seven thousand seven hundred inhabitants; that periodic distribution of taxes collected by the state from the sale of intoxicating liquor and cigarettes had been made to the city from time to time by the county treasurer in accordance with the increases in population previously mentioned. It was further alleged that the mayor and councilmen, knowing that defendant city had increased in population and area, neglected to certify the same to the governor and to organize the city as a city of the second class in accordance with G. S. 1949, 14-101; that the mayor and councilmen, knowing the city had increased in population and area and knowing that demand was made for compliance with G. S. 1949, 14-101, have conspired and agreed together not to certify the population and area of the city to the governor and not to observe or comply with G. S. 1949, 14-101; that having so conspired and refused have caused general city taxes for 1952 to be levied against the real estate and personal property of plaintiffs situated in the First Annexed Addition, which is their home, and have imposed taxation without representation upon plaintiffs of their property without due process of law in violation of section 1 of the fourteenth amendment to the constitution of the United States, and have denied plaintiffs the equal protection of the laws in violation of section 2 of the Kansas bill of rights, and section 1 of the fourteenth amendment to the constitution of the United States; that plaintiffs paid, under protest, the 1952 general real estate taxes amounting to $6.18 levied upon their real estate, and $2.23 levied upon their personal property, and filed this action within thirty days after filing such protest and otherwise complied with G. S. 1949, 79-2005; that they presented to the defendant city their verified claim for refund of these illegal taxes paid under protest which the city has not repaid or refunded. The prayer was for judgment against defendants in the sum of $8.41, and for costs.

The defendants were the city of Prairie Village and county treasurer. Each of them filed a demurrer to the petition upon the grounds: (1) that it appears from the face of the petition that the plaintiffs had no legal capacity to prosecute this cause of action; (2) misjoinder of cause of action, and (3) that the petition does

not state facts sufficient to constitute cause of action against these defendants.

The demurrers were duly heard by the trial court and sustained on February 2, 1953. Plaintiffs have appealed from that ruling.

Although not mentioned by counsel, we take note of our statute, G. S. 1949, 79-404, which, so far as is here pertinent, reads: "If, between the first days of March and May, the corporate boundaries of any city shall be extended so as to take into the city tracts described by metes and bounds of the size of lots usually platted in such city, or old or new platted lands adjoining the city, such real estate shall be assessed by the proper officer as town lots within such city for the current year. . . ." Since the First Annexed Addition is alleged to have had a population of four thousand, we assume it comes within this statute, and that the property of plaintiffs, which is situated in that area, was taxed by the city for the year of 1951. If so, the plaintiffs do not complain of it here. However, we shall not predicate our decision upon that assumption since it is not discussed in the briefs.

What are the grounds on which plaintiffs seek to recover? Examining the petition we find nothing in it which attacks the corporate existence of the city of Prairie Village; neither do we find anything which attacks the validity of any of the ordinances which enlarged the city and increased its population. In their reply brief filed in this court plaintiffs specifically deny any attempt to do so. If that were the grounds of their action plaintiffs could not maintain it as individual litigants. Such an action would have to be brought by the state on the relation of the county attorney or the attorney general. See *Bobbett v. The State, ex rel. Dresher,* 10 Kan. 9; *The State, ex rel., v. Faulkner,* 20 Kan. 541; *Levitt v. Wilson,* 72 Kan. 160, 83 Pac. 397; *The State, ex rel., v. Comm'rs of Marion Co.,* 21 Kan. 419, 432; *Schur v. School District,* 112 Kan. 421, 210 Pac. 1105; *Wellman v. City of Burr Oak,* 124 Kan. 780, 262 Pac. 607; *Kimmel v. Wolf River Drainage Dist.,* 138 Kan. 209, 211, 25 P. 2d 585; and, *Kirts v. Miami County Comm'rs,* 168 Kan. 739, 215 P. 2d 642.

The petition does not attempt to state a cause of action against the city officials to compel them to perform a duty required by law. The city officials are not parties defendant here. If such an action were intended plaintiffs, as individual litigants, could not maintain it. It would have to be brought by the state on the rela-

tion of the county attorney or the attorney general. See *Craft v. Jackson Co.,* 5 Kan. 518; *Miller v. Town of Palermo,* 12 Kan. 14; *Weigand v. City of Wichita,* 111 Kan. 455, syl. 3, and cases cited on page 457, 207 Pac. 651; and, *Voshell v. Peterson,* 142 Kan. 448, 50 P. 2d 941.

As we understand the petition the basis of the action is to recover taxes paid in 1952 upon the ground that the city officials, some twenty months prior to the time the action was brought, had failed to perform some duty. If there was any basis for such an action in favor of these plaintiffs it should affect not them alone but all of the four thousand people alleged to have been taken into the city at the same time the plaintiffs were with respect to property which they own and which was subject to taxation by the city in 1952. They are not parties here. This is not a class action. Plaintiffs sue for themselves alone. The authorities are clear that such an action cannot be maintained. See *Bobbett v. The State, ex. rel. Dresher,* supra; *Miller v. Town of Palermo,* supra; *Nixon v. School District,* 32 Kan. 510, 4 Pac. 1017; and, *Haines v. Rural High School Dist. No. 3,* 171 Kan. 271, 232 P. 2d 437.

We regard as unimportant the allegation of the petition that the city officials conspired together to delay the making of the proper certificate to the governor which would justify his action in designating the city as a city of the second class. These officials are not parties to this action. There may have been good reasons for the delay as there were in *The State, ex. rel., v. Faulkner,* supra, relied upon so heavily by the plaintiffs. We don't know what the reasons were and we are not authorized to speculate upon them.

Our statute pertaining to the incorporation of cities of the third class (G. S. 1949, 15-102, since amended by Ch. 187 laws of 1951, in a manner not important here) after stating the steps to be taken to incorporate the city, contains this language: ". . .; and thenceforth the inhabitants within such bounds and *such further territory as from time to time may be lawfully added thereto* shall be a body politic and corporate by that name . . ." (our emphasis). So when plaintiffs were taken into the city by the ordinance published April 14, 1951, they became a part of the city of Prairie Village just as much so as if they and their property had been taken into the city at the time it was organized.

There are no equities in favor of the plaintiffs. There is no reason why they should be relieved of their taxes for 1952 in an action

so framed that many other persons in the same situation could not obtain the same relief.

There is nothing in section 18 of our bill of rights, or in the first paragraph of the fourteenth amendment to the constitution of the United States, which would justify such a result. See *City of Kansas City v. Railway Co.*, 59 Kan. 427, 53 Pac. 468. Affirmed in *Clark v. Kansas City*, 176 U. S. 114, 20 S. Ct. 284, 44 L. Ed. 392.

The result is that the trial court properly sustained the demurrers of the defendants upon the first and third grounds thereof. The judgment of the trial court is affirmed.